**FILED**

April 16, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____NM_____
DEPUTY

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| JAMILA AKBER KASSAM, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | **CIVIL NO. SA-26-CV-790-OLG** |
| | § | |
| MARKWAYNE MULLIN *et al.*,[1] | § | |
| Respondents. | § | |

## O R D E R

Pending before the Court is Petitioner Jamila Akber Kassam's Petition for Writ of Habeas Corpus (Dkt. No. 1), to which Respondents filed a response (Dkt. No. 8), and Petitioner filed a reply (Dkt. No. 11). After careful consideration, the Petition (Dkt. No. 1) is **GRANTED IN PART** as set forth below.

### I.   BACKGROUND

The material facts of this case are not in dispute. Petitioner is a native of Tanzania, who arrived in the United States as a child in 1980. *See* Dkt. Nos. 1 at 1; 8 at 1; 8-1 at 1. Petitioner adjusted her status to lawful permanent resident at some point thereafter. *See* Dkt. Nos. 1 at 1; 8 at 1; 8-1 at 1. She was convicted of several crimes between 1995 and 1999 and, as a result, was ordered removed to Tanzania on September 12, 2005. *See* Dkt. No. 8-1 at 1–3.

Immigration and Customs Enforcement ("ICE") attempted to effectuate Petitioner's removal to Tanzania thereafter. *See* Dkt. Nos. 1 at 1–2; 8-1 at 3–4. During that time, Petitioner's removal was frustrated—at least in part—due to her non-cooperation. Ultimately, Tanzania refused to issue travel documents because there was no record of Petitioner in Tanzania, likely because she

---

[1]Markwayne Mullin became the Secretary of the Department of Homeland Security on March 24, 2026. As a result, he is automatically substituted as a Respondent in this action. *See* FED. R. CIV. P. 25(d).

departed when she was "too young" and because "the proper procedures were not followed." *See*

Dkt. No. 8-1 at 4. Because ICE could not obtain travel documents, it determined that there was no

significant likelihood of removal and, on September 13, 2006, released her under an Order of

Supervision ("OSUP"). *Id.* For the next nineteen years, Petitioner remained on supervised release

without any significant issues. *Id.* But on October 10, 2025, Respondents re-detained her. *Id.* She

has remained in ICE custody ever since.

## II.     LEGAL STANDARD

A district court may issue a writ of habeas corpus when a federal detainee is held "in

custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.

§ 2241(c)(3). While many statutory provisions limit judicial review in the immigration context,

"habeas corpus proceedings remain available as a forum for statutory and constitutional challenges

to post-removal-period detention." *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001).

## III.     ANALYSIS

"Once an alien is ordered removed, the Department of Homeland Security ("DHS") must

physically remove [her] from the United States within a 90-day 'removal period.'" *Johnson v.*

*Guzman Chavez*, 594 U.S. 523, 528 (2021) (citing 8 U.S.C. § 1231(a)(1)(A)). During the 90-day

removal period, detention is mandatory, *see id.* (citing 8 U.S.C. § 1231(a)(2)); however, "[u]pon

expiration of the removal period, the Government may continue to detain certain aliens or release

them under conditions of supervision," *Abuelhawa v. Noem*, --- F. Supp. 3d ---, 2025 WL 2937692,

at *4 (S.D. Tex. Oct. 16, 2025) (citing 8 U.S.C. § 1231). "Although the statute does not specify a

time limit on how long DHS may detain an alien in the post-removal period," post-removal

detention may last no longer than what is "reasonably necessary to bring about the alien's

removal." *Guzman Chavez*, 594 U.S. at 529 (quoting *Zadvydas*, 533 U.S. at 689). Recognizing that

not all reasonably foreseeable removals can be accomplished within the three-month removal period, the Supreme Court has generally held that such detentions are "presumptively reasonable" for up to "six months." *Zadvydas*, 533 U.S. at 701. After that point, release is required if "there is no significant likelihood of removal in the reasonably foreseeable future." *Guzman Chavez*, 594 U.S. at 529 (citation omitted).

Petitioner asserts a *Zadvydas* claim.[2] Respondents argue that Petitioner bears the initial burden of demonstrating "good reason" to believe that removal to Tanzania is unlikely. Dkt. No. 8 at 7. Respondents are mistaken. As the Court has repeatedly held, "because this case involves a re-detention based on an OSUP revocation, . . . it is Respondents' burden to show a significant likelihood that Petitioner may be removed." *See Momin v. Noem*, No. SA-25-CV-1017-OLG, Dkt. No. 19 at 3–4 (W.D. Tex. Jan. 8, 2026) (citation modified). They have failed to meet that burden here.

Respondents assert that "all indications from ICE show that removal is likely." Dkt. No. 8 at 8. But this point is directly contradicted by Respondents' own evidence. ICE has repeatedly attempted to obtain travel documents without success. Dkt. No. 8-1 at 4. And the record is devoid of evidence suggesting that ICE will be successful this time. In any event, "the Government's burden to furnish evidence demonstrating that removal is likely in the reasonably foreseeable future is not met by a pending request for travel documents, alone." *Trejo v. Warden of ERO El Paso E. Montana*, No. 25-CV-401-KC, 2025 WL 2992187, at *5 (W.D. Tex. Oct. 24, 2025).

---

[2]Petitioner also asserts a due process claim challenging her removal to any third country. *See* Dkt. No. 1 at 9–10. But there is no indication of any pending third country removal efforts. *See* Dkt. No. 8-1. As a result, this claim is not ripe and will be dismissed without prejudice. *See, e.g.*, *Chicas Ortega v. Noem*, No. 25-CV-689, Dkt. No. 28 at 6 (W.D. Tex. July 25, 2025) (citations omitted).

## IV.    CONCLUSION

Because Respondents have failed to demonstrate that Petitioner's removal is likely in the reasonably foreseeable future, the Petition (Dkt. No. 1) is **GRANTED IN PART** in that Respondents shall **RELEASE** Petitioner under conditions of release similar to those contained in her prior OSUP within **48 hours of the entry of this Order**

The Petition (Dkt. No. 1) is **DENIED IN PART** to the extent Petitioner seeks to recover attorney's fees under the Equal Access to Justice Act. *Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2023) ("[T]he EAJA does not authorize attorney's fees for successful 28 U.S.C. § 2241 motions."), *cert. denied*, 144 S. Ct. 553 (2024).

Petitioner's remaining due process claim is **DISMISSED WITHOUT PREJUDICE.**

This case is **CLOSED.**

**IT IS SO ORDERED.**

**SIGNED** on April ___16___, 2026.

_____
ORLANDO L. GARCIA
UNITED STATES DISTRICT JUDGE

4